**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>RENE C. MARSOLAN; JUDY MARSOLAN,<br><br>Defendants. | Adversary Proceeding<br><br>Case No. 19-50775 (BLS) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO ADVERSARY COMPLAINT: FOR (I) AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTRERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD**

Defendants Rene C. Marsolan and Judy Marsolan (together, the "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint and assert their affirmative defenses. All allegations not expressly admitted herein are denied.

**NATURE OF THE ACTION**

1. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

**THE PARTIES**

2. Admitted.

3. Rene Marsolan is deceased and therefore the allegation regarding Mr. Marsolan being an individual is no longer accurate. Otherwise, admitted.

**JURISDICTION AND VENUE**

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied. Defendants do not consent to entry of a final order or judgment by this Court.

5. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied.

6. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 6 are denied.

7. Denied.

8. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 8 are denied.

**CASE BACKGROUND**

9. Admitted

10. Admitted

**FACTS**

11. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations in paragraph 11.

12. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations in paragraph 12.

13. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations in paragraph 13.

14. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations in paragraph 14.

15. Admitted that Defendants invested with Debtors through the purchase of notes and/or unites and received principal and interest payments from the Debtors. Defendants have insufficient knowledge or information to respond to the remaining allegations in this paragraph, and on that basis deny the remainder of the allegations in paragraph 15.

16. Admitted that the Defendants received certain transfers from one or more of the Debtors within the two years prior to the filing of the bankruptcy petitions. Defendants deny the remainder of the allegations contained in paragraph 16 including, *inter alia*, the amount of transfers listed on Exhibit A to the Complaint.

17. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations in paragraph 17.

## FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

18. Defendants incorporate their responses to the allegations in paragraphs 1-17 of the Complaint as if fully set forth herein.

19. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 19 are denied.

20. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 20 are denied.

**SECOND CLAIM FOR RELIEF**

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

21. Defendants incorporate their responses to the allegations in paragraphs 1-20 of the Complaint as if fully set forth herein.

22. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 22 are denied.

23. Denied.

**GENERAL DENIAL**

Defendants deny each and every allegation contained in the Complaint that is not hereinabove expressly admitted and Defendants further deny that Plaintiff is entitled to any relief or recovery whatsoever from Defendants in this action.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim against Defendants upon which relief may be granted.

**Second Affirmative Defense**

Any transfers to the Defendants were not transfers of the Debtors' property.

**Third Affirmative Defense**

Plaintiff's claims may be barred or limited by the applicable statute of limitations.

**Fourth Affirmative Defense**

The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

**Fifth Affirmative Defense**

Any transfer made by the Debtors to the Defendants was made in exchange for reasonably equivalent value and/or fair consideration under the Bankruptcy Code and/or California Law.

**Sixth Affirmative Defense**

The Debtors were solvent at all times relevant hereto.

**Seventh Affirmative Defense**

The Debtors were not made insolvent or left with unreasonably small capital as a result of any transaction described herein.

**Eighth Affirmative Defense**

Any transfer described in the Complaint and actually received by Defendants was made in payment of a debt in good faith and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**Ninth Affirmative Defense**

Plaintiff failed to plead with sufficient particularity the circumstances surrounding any count for actual fraud under either the Bankruptcy Code and/or California Law.

**Tenth Affirmative Defense**

Plaintiff may lack standing.

**Eleventh Affirmative Defense**

The Complaint fails to properly assert personal and/or subject matter jurisdiction over Defendants.

**Twelfth Affirmative Defense**

Plaintiff failed to mitigate any alleged damages, said damages being specifically denied by Defendants.

**Thirteenth Affirmative Defense**

No conduct on the part of Defendants contributed to Plaintiff's alleged damages.

**Fourteenth Affirmative Defense**

Any damages claimed by Plaintiff, said damages being specifically denied by Defendants, were caused by the culpable conduct of the Plaintiff or third parties and not by any culpable conduct on the part of Defendants.

**Fifteenth Affirmative Defense**

The Defendants raise and reserve all applicable equitable defenses.

**RESERVATION OF RIGHTS**

The foregoing affirmative defenses are raised by Defendants without waiver of any other defenses that may be available or determined after discovery is undertaken. Defendants give notice that they intend to rely upon any defenses available, and reserve the right to assert any other additional defenses that may become available or apparent at any time during the pendency of this proceeding.

**JURY TRIAL DEMAND**

Defendants demand a jury trial in this action for all issues deemed so triable.

**WHEREFORE**, Defendants request entry of judgment dismissing the Complaint with prejudice, that Defendants be reimbursed for their costs and attorneys' fees incurred in responding to the Complaint, and ask that the Court grant such other and further relief as may be just and proper

Dated: July 21, 2020
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Jason A. Gibson (DE 6091)
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Tel: (302) 777-1111
Email: gibson@teamrosner.com

and

Keith L. Langston
**ROACH LANGSTON BRUNO**
2393 H G Mosley Pkwy
Bldg 3, Ste. 103
Longview, Texas 75604

*Counsel for the Defendants*